# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA VALERO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01815-SKO<br><br>**STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920** |

TO THE HONORABLE SHEILA K. OBERTO, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Erica Valero be awarded attorney fees and expenses in the amount of three thousand four hundred dollars ($4,900.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of sixty dollars ($60.00) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Erica Valero, the government will consider the matter of Erica Valero's assignment of EAJA fees to Young Cho.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset

1  allowed under the United States Department of the Treasury's Offset Program.
2  After the order for EAJA fees is entered, the government will determine whether
3  they are subject to any offset.

4  Fees shall be made payable to Erica Valero, but if the Department of the
5  Treasury determines that Erica Valero does not owe a federal debt, then the
6  government shall cause the payment of fees, expenses and costs to be made
7  directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment
8  executed by Steven Edward Felipe. *United States v. $186,416.00*, 722 F.3d 1173,
9  1176 (9th Cir. 2013) (*$186,416.00 II*) (ordering fees paid to counsel because of an
10 assignment that did not interfere with a raised superior lien).[1]  Any payments made
11 shall be delivered to Vijay J. Patel.

12 This stipulation constitutes a compromise settlement of Erica Valero's
13 request for EAJA attorney fees, and does not constitute an admission of liability on
14 the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount
15 shall constitute a complete release from, and bar to, any and all claims that Erica

---

[1]  The Commissioner does not stipulate to the citation of *$186,416.00 II*, and will not participate in representing to this Court that it carries legal import in these proceedings.  *$186,416 II* involved a different statute and very different factual circumstances than those presented here, or in other Social Security cases. Because the parties have agreed to the payment of EAJA fees, and the amount, and to avoid motion practice solely related to Plaintiff's citation, the Commissioner agrees to this stipulation. The Commissioner reserves the right to challenge the applicability of *$186,416 II* to any Social Security case, and this Stipulation should not be construed as a waiver of such reservation.

Steven Felipe contends that *U.S. v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 757 (9th Cir. 2011) (*$186,416.00 I*) held that there is no functional difference between the CAFRA and EAJA in terms of "ownership" of the fee.

Valero and/or Vijay J. Patel including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Young Cho and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: March 12, 2015     Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING

BY: /s/ *Young Cho*
Young Cho
Attorney for plaintiff Steven Edward Felipe

DATE: March 12, 2015     BENJAMIN B. WAGNER
United States Attorney

/s/ *Jean M. Turk*

Jean M. Turk
Special Assistant United States Attorney
Attorneys for Defendant Carolyn W. Colvin,
Acting Commissioner of Social Security
(Per e-mail authorization)

## ORDER

Pursuant to the terms of the parties' stipulation, IT IS HEREBY ORDERED that Plaintiff is awarded attorney's fees and expenses in the amount of $4,960.00 under the EAJA.

IT IS SO ORDERED.

Dated: **June 8, 2015**          /s/ **Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

-3-